ERASTUS TEFFT, impleaded, &c., Appellant, v. FREDERICK ASH-
BAUGH, Appellee.

### ERROR TO KANE.

Where the evidence clearly fails to make out a case for the plaintiff, the defendant
has the right to ask the court to instruct the jury to find for him, and it is error to
refuse such an instruction.

An officer will be protected in the proper execution of process, unless it appears on
its face that it was issued by a court not having jurisdiction of the person, or unless
he had notice in some other way, that the process was issued without authority of
law.

THIS cause was heard before WILSON, Judge, and a jury, at
May term, 1852, of the Kane Circuit Court.

The facts of the case will be found in the opinion of the
court. Tefft appealed.

S. WILCOX and B. C. COOK, for appellant.

T. L. DICKEY, for appellee.

TREAT, C. J. This was an action of trespass, for false impri-
sonment, brought by Ashbaugh against Tefft, Heath, and Vining.
The latter was not served with process. The other defendants
filed a plea of not guilty, and also a special plea of justification.
On the trial, the plaintiff proved by the jailer of the county, that
he received the plaintiff from Heath, and retained him in custody
for six or eight days, when he was discharged on *habeas corpus;*
that Heath was at the time a constable, and held the plaintiff
under a writ of *capias ad satisfaciendum;* that witness subse-
quently had a conversation with Tefft, in which the latter said
he was absent in New York when the plaintiff was arrested; that
Baird had caused the arrest to be made, and had sent witness
five dollars to pay the board of plaintiff while in jail; that witness
afterwards accounted to Tefft for the five dollars, and Baird was
a clerk in Tefft's store. The plaintiff also proved that the ser-
vices of the attorney who procured his discharge on *habeas corpus*

were worth $25, and closed his case. The defendants then asked the court to instruct the jury, that the plaintiff had failed to adduce sufficient evidence to sustain his action, and it was their duty to find the defendants not guilty. The court refused to give the instruction, and the defendants excepted. The jury returned a verdict against Tefft for $73.75, and the plaintiff had judgment thereon.

On the evidence adduced by the plaintiff, the court should have instructed the jury to find for the defendants. The evidence was not sufficient to justify a verdict against either of the defendants. It appeared that Heath arrested the plaintiff by virtue of a *capias ad satisfaciendum*, and placed him in the custody of the jailer. This proof showed, *primâ facie*, that he was acting within the limits of his official duty. The writ protected him, unless it appeared on its face that it was issued by a court having no jurisdiction of the person of the plaintiff, or unless he had notice in some other way that it was issued without authority of law. Barnes *v.* Barber, 1 Gilm. 401. The presumption was in favor of the validity of the process, and the jury, from the evidence before them, had no right to conclude that it illegally issued. The evidence did not tend to prove that Tefft was in any degree responsible for the imprisonment of the plaintiff. The only proof against him consisted of his declaration, that he was absent from the country when the arrest was made, and that it was caused by a clerk in his store. It by no means followed, from this statement, that the plaintiff was arrested under his direction, or by his authority or consent. It did not even appear that the writ issued in a case to which he was a party, or in which he had the slightest interest. The inference was that it issued on a judgment in favor of Baird, rather than on one in favor of Tefft. Before resting his case, the plaintiff should have proved that the arrest was unlawful, and have connected Tefft with it in some way, either by showing that he was plaintiff in the judgment, or that he had incited or aided in the arrest. Under our practice, when the plaintiff has gone through with his evidence, the defendant cannot call upon the court to nonsuit the plaintiff; but where the evidence clearly fails to made out the plaintiff's case, the defendant has the right

to ask the court to instruct the jury to find for him, and it is error to refuse such an instruction.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*