RUDOLPH A. SLOMER, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

### ERROR TO THE RECORDER'S COURT OF CHICAGO.

A writ issued by a court having jurisdiction of the subject matter, and regular on its face, will protect an officer who executes it in good faith, from a prosecution, but the warrant must be regularly returned.

But the officer, the prosecutor, and all other persons concerned, may be indicted for a conspiracy to procure criminal process for improper purposes, and if it appear that the officer was a party to the conspiracy, the writ can afford him no protection.

The law will not permit parties to make use of criminal process for the accomplishment of private purposes.

The words "legal authority," in the statute defining false imprisonment, require that the process should be procured and served in good faith, and upon reasonable and probable cause to believe there has been guilt, otherwise the prosecutor is liable to a conviction for that offense.

THIS was an action by the People against the plaintiff in error on an indictment for false imprisonment. The case was tried before R. S. WILSON, Judge, and a jury, and a conviction had. The facts are stated in the opinion.

HERVEY, ANTHONY & GALT, for Plaintiff in Error.

CARLOS HAVEN, for Defendants in Error.

WALKER, J. The plaintiff in error and John Reese were indicted and convicted of false imprisonment. Plaintiff in error procured a warrant for the apprehension of Frederick Fernhaber, from a justice of the peace, on a charge of perjury, which was placed in the hands of Reese, as constable, to execute. Upon this writ Fernhaber was arrested and held in custody until he made an affidavit, to be used by Slomer on a motion for a new trial, in a case on the trial of which Fernhaber had previously testified. In procuring this affidavit, Slomer seems to have actively participated. After making the affidavit, Reese demanded of Fernhaber two dollars to pay him for his trouble, one dollar and three quarters of which he paid, and was then permitted to make his escape, and it does not appear that any further effort was ever made to again arrest him. The officer returned the writ indorsed that the accused had been arrested, but had made his escape, but the justice of the peace refused to receive the return.

This presents the question whether this writ, the regularity of which on its face is not questioned, is, under all circumstances and for all purposes, a protection from prosecution to the plaintiff in error who procured it to be issued, and the constable who executed it. That a writ issued by a court having jurisdiction of the subject matter, and regular on its face, does protect an officer who executes it, there is no doubt. But to have that effect, it seems the warrant must be regularly returned. *Rowland* v. *Veale*, 1 Cowper R. 18; Arch. Crim. Pl. 365. That the officer, the prosecutor, and all other persons concerned, may be indicted for a conspiracy to procure criminal process for improper purposes, is equally true. And if it appear that the officer who executed the process was engaged in the conspiracy, the writ can afford him no protection. But it is a grave offense in him to combine with others to procure criminal process for purposes of oppression, fraud or private ends. His duty requires him to preserve the peace, to aid in the apprehension of persons charged with crime, and when he prostitutes his office to the attainment of private purposes, he is guilty of a violation of duty that deserves to be

severely punished, and renders him unworthy of his office.   Nor
does it make any difference that he has thus basely lent himself
to such practices for the promotion of the private interest of
another—it is equally corrupt and reprehensible.   Such devia-
tion from his duty deserves no sympathy at the hands of courts,
and must degrade him in the estimation of all right thinking
men.   When he receives his process, his duty is plain and easily
understood, and he must be held to its discharge fairly and in
good faith.   He has no right to control the process; he must
execute it as required by the law, and has no power to release
a prisoner thus apprehended, nor can he use the process to
extort money from the accused, or make the writ a means of
compelling him to submit to terms imposed by the prosecutor,
and when he does, he violates his duty, betrays his trust, out-
rages public justice, and richly merits punishment.   When he
thus acts, he arrogates powers with which no person in the gov-
ernment can be invested, and instead of aiding in the enforce-
ment of the law, and protecting the community in their rights,
he becomes an oppressor.   The law can never tolerate such
corruption.

There can be no doubt that a prosecutor, who has reasonable
grounds to believe that a crime has been committed, and that
the accused is guilty of its perpetration, is properly protected
from a civil prosecution, although the accused may be innocent
of the imputed crime.   But when there is no probable cause to
believe that he is guilty, and the prosecution is prompted by
malice, then the prosecutor is liable to respond in damages for
the wrong inflicted.   In a civil proceeding the accused may go
behind the affidavit and writ, and show want of probable cause
and malice, and that what was in legal form was in fact a false
imprisonment.   And no reason is perceived, where it appears, in
a criminal proceeding, that it was instituted for the purposes of
fraud, extortion, oppression of any kind, or for any other pri-
vate object, and not for the purpose of punishing crime, why the
mere forms of law should be permitted to screen the prosecutor
from punishment criminally for such abuse of legal process.   It
would be monstrous to permit the process of the law to be used
for such base purposes.   And it will hardly be said that the com-
mission of perjury, to start the prosecution, can sanctify such
turpitude.   If the end were attained by direct force, it would
amount to imprisonment, and if money should be obtained by
force, it would amount to robbery.   Can it then be said that
because the same purpose is accomplished by the forms of law,
the transaction is justifiable ?   While the law will protect the
prosecutor who acts in good faith on probable cause, it should
never permit its process to be prostituted to such unwarranted

purposes.  It is not the design of government to permit the citizen to use the form of the criminal law for the redress of private grievances.  Ample civil remedies are afforded for that purpose.

But it is urged that our criminal code does not embrace this offense.  It has provided for the punishment of false imprisonment.  The 54th section of that code has thus defined this offense : " False imprisonment is an unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority."  What is sufficient legal authority to protect the prosecutor ?  It cannot be said to be when he, for his own private purposes, wrongfully procures criminal process to be issued and executed, when there is a want of probable cause.  But it is when the proceedings are instituted in good faith, upon reasonable and probable cause to believe there is guilt.  This seems to be the fair and reasonable construction of this section, as it could not have been designed to permit such an abuse of this process, and to render such unwarrantable prosecutions legal.  When the prosecutor in this case had proved an imprisonment, it was for the defense to make out a justification ; and we think in this case, in view of all the facts appearing in evidence, that it has failed.

Whilst the evidence may fail to prove the guilt of the defendant beyond all possible doubt, and whilst there may be slight contradictions and discrepancies in the evidence, when it is all considered, it can hardly be said that there is a reasonable doubt that the sole object of the prosecutor in starting the prosecution was to procure the affidavit to be read, on the application for a new trial.  And we think that the jury was warranted in the conclusion that there was not probable cause to believe that the accused was guilty of perjury.  We are therefore unwilling to disturb this verdict, and the judgment of the court below is affirmed.

*Judgment affirmed.*