5   281
*0a 523.
5   281
f13a 390

## MURPHY V. COBB ET AL.

Where the plaintiff shows upon the trial no cause of action, or makes out no case whatever, and no motion for nonsuit is interposed, it is not only the right, but may be the duty, of the court to direct a verdict for the defendant. This practice is common to both the Code and the Common Law.

*Appeal from District Court of Summit County.*

Messrs. WHITE & MULLAHEY and Mr. W. R. BARTLETT, for appellant.

Mr. J. F. WELBORN and Mr. R. S. MORRISON, for appellees.

STONE, J. The appellant, who was plaintiff in the court below, brought suit for the possession of certain parcels of placer mining ground, alleged to be in the possession of defendants, and from which plaintiff had been wrongfully ousted; that he claimed, by right of preemption under the mining laws, and also by deed from other like preemptors. The defendants denied plaintiff's right of possession, and claimed prior occupation by themselves as owners of the ground, with present possession by right of such ownership. From the plaintiff's own testimony it appeared that he with two others had taken possession of a portion of ground belonging to defendants during the temporary absence of the latter, had surveyed and filed locations of the same, and that the two other persons had then deeded their interest in the same to the plaintiff. At the conclusion of the plaintiff's testimony he offered in evidence these deeds and location certificates.

The court refused to admit these papers as evidence in the case, and directed the jury (plaintiff having no further testimony to offer) to return a verdict for the defendants, which was done, and judgment entered accordingly. From this judgment plaintiff appealed, and assigns for error the refusal of the court to admit in evidence the papers referred to, and in directing the jury to return a verdict for defendants.

There is no error disclosed in the record. Plaintiff's own testimony—and there is no other in the case—shows clearly that it was a bold attempt on his part, aided by his two confederates, to "jump" a portion of the ground of his employers. The ground was not subject to re-location; in mining parlance, it was not "jumpable," and no rights whatever were or could be acquired by plaintiff, or those acting with him by virtue of their survey and record of location. The certificates of such location and the deeds from his co-trespassers, were evidence only of a possession which plaintiff's testimony had established as a mere trespass. In every case, where the trial is to a jury, there is, or may be, a preliminary question for the court to determine—not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is cast. *Commonwealth* v. *Clark*, 4 Otto, 278.

And where the plaintiff shows upon trial no cause of action, or makes out no case whatever, and no motion for nonsuit is interposed, it is not only the right, but may be the duty of the court to direct a verdict for the defendant. *Teft* v. *Ashbaugh*, 13 Ill. 602. This practice is common to both the Code and the common law. Proffatt on Jury Trials, Secs. 351–4, and cases cited.

The judgment of the court below is affirmed.

*Affirmed.*