## WILLIAM SMITH

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon June 21, 1881.*

1. CRIMINAL LAW—*resisting an officer.* If an officer in attempting to execute process shall exceed the power conferred by the writ, he will be liable as a trespasser, but this will not authorize the defendant to resort to personal violence against the officer while so endeavoring to exceed his authority, unless to protect his own person from violence and injury.

2. In this case, a writ of possession was awarded against the defendant in an action of forcible detainer, and placed in the hands of an officer to execute. In attempting to execute the writ the officer sought to deliver an article of property not embraced in the writ, and to that end commenced to remove a fence so as to be able to seize and deliver the property to the plaintiff. The defendant, who was present, insisted the officer was exceeding his powers, and replaced the fence as the officer was removing it, and continued to do so until the officer desisted, but he used no violence against the officer, nor menaces, and made no threats,—simply preventing the officer from breaking the fence to seize property he had no right to seize: *Held*, the whole case considered, it was not one of resisting an officer, within the meaning of the statute.

3. JUDGMENT—*in forcible detainer—on dismissal of appeal in the circuit court.* In forcible detainer before a justice of the peace, judgment was rendered against the defendant, who thereupon appealed to the circuit court, but afterwards, without a trial, dismissed his appeal. The circuit court thereupon rendered judgment that the plaintiff in the action recover possession, and awarded a writ of possession. On objection that the dismissal of the appeal operated to remand the cause to the justice, and the circuit court had no power to render the judgment it did, it was *held*, the circuit court having jurisdiction of the subject matter and of the parties, had jurisdiction to render judgment in the case, and whether erroneous or not, the judgment was not void. It was valid and binding in all collateral proceedings until reversed.

4. PROCESS—*upon erroneous judgment—as a protection to an officer.* An execution issued upon a judgment which is merely erroneous, is not void, and will protect the officer executing it as fully as if the judgment were not erroneous.

5. REAL ESTATE—*detached portions of machinery.* Where a portion of the machinery in a mill, called a " heater," had been detached, and another piece substituted for it, the portion so detached was considered not appurtenant to the premises so as to be embraced in a judgment in an action of forcible detainer for possession of the mill property.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the County Court of White county; the Hon. ORLANDO BURRILL, Judge, presiding.

Mr. R. A. D. WILBANKS, for the plaintiff in error:

On the dismissal of an appeal by the defendant in an action of forcible detainer, the circuit court loses its jurisdiction except as to the costs, and has no power to award a writ of possession in favor of the plaintiff. A party has the right to dismiss his appeal. *Hancock County* v. *Marsh*, 2 Scam. 491; *Shaffer* v. *Currier*, 13 Ill. 667; *Joliet and Chicago Railroad Co.* v. *Burrows*, 24 id. 562; *Bacon* v. *Lawrence*, 26 id. 53.

On dismissing an appeal, the proper practice is to award a *procedendo*, and not to enter judgment in the Appellate Court for anything but damages and costs. *Reed* v. *Driscol*, 84 Ill. 96.

The officer, on being informed that the appeal was dismissed in the circuit court, and that the writ would have to come from the justice's court, could not have been liable for a refusal to execute it. *Tuttle* v. *Wilson*, 24 Ill. 553.

The writ commanded the officer to deliver possession of the land with the appurtenances,—nothing more. Then it is clear that the officer was not obeying the mandate of the court when he was seeking to take personal property from the possession of plaintiff in error. The term appurtenances only embraces fixtures.

The proceeding of forcible detainer does not lie to obtain possession of personal property. *Schaumtœffel* v. *Belm*, 77 Ill. 567.

Mr. JAMES McCARTNEY, Attorney General, for the People:

The fact that the circuit court may have erred in awarding a writ of possession upon dismissal of the appeal, did not justify the plaintiff in error in resisting the officer in serving the writ. The remedy was by appeal or writ of error. The

resistance was made when the officer was taking down the fence to remove some boilers and mill machinery on the lot. The engine, boilers, etc., were a part of the appurtenances of the lot,—a part of the real estate. If the mill was burned, the parts of the engines, etc., were fixtures, and a part of the lot and its appurtenances, although detached from the soil.

Mr. Justice Walker delivered the opinion of the Court:

Plaintiff in error was indicted for resisting an officer in executing legal process.

It appears that J. and E. Greenwald brought an action of forcible detainer before a justice of the peace against plaintiff in error, and recovered judgment, and a writ of possession was awarded. The case was appealed to the circuit court, but appellant dismissed his appeal, and the circuit court thereupon rendered a judgment that appellee recover possession, and awarded a writ of possession. A writ was issued by the circuit clerk, and placed in the hands of the sheriff to execute. The deputy sheriff went to plaintiff in error to execute the writ, and plaintiff in error insisted it was illegal, as it should have come from the justice of the peace, and not from the circuit clerk. He also claimed that a separate heater the officer was attempting to deliver, had been taken out of the mill and another put in its place, and the separate heater did not belong to the mill. Plaintiff in error said the officer might deliver the lots, but he could not deliver the machinery. Afterward the officer commenced to take down the fence, and plaintiff in error to put it up, and said he could put it up as fast as the officer could pull it down. The officer took plaintiff in error by the arm, and said he would have to arrest him, but the officer says he used no violence against him. The officer went again the next day and delivered the property to the agent of plaintiffs in execution, and plaintiff in error did not interfere.

This is the version of the affair as given by the deputy sheriff, and the evidence of the other witnesses is substan-

tially the same. All agree that plaintiff in error neither struck, took hold of nor touched the officer. He only laid up the fence as the officer pulled it down to remove the heater in dispute. This piece of machinery was in nowise attached to the realty, and so far as we can see it was no part of the mill, as it had been removed therefrom and another piece substituted for it, as testified to by plaintiff in error. If not a part of the machinery connected with and appurtenant to the lots, the writ conferred no power upon the officer to take it and deliver it to plaintiffs in execution. The officer had no right under that writ to pull down a fence, and enter to take a horse of plaintiff in error to deliver to the Greenwalds. Plaintiff in error could have laid up the fence to prevent the officer from taking the horse, and not been guilty of resisting an officer, within the meaning of the statute,—and so, if this heater was not appurtenant to the lots, the possession of which he was commanded to deliver. The officer is only empowered by the writ to deliver the property for the possession of which judgment was recovered and the writ was issued.

It is urged that the writ was void, because when the appeal was dismissed it operated to remand the case to the justice of the peace from whom the appeal was prosecuted, for further proceedings, and the circuit court had no power to render the judgment and award the writ of possession. The court had jurisdiction of the subject matter and of the parties, and had undeniable jurisdiction to render judgment in the case, and whether erroneous or not, it was not void. It was valid and binding in all collateral proceedings until reversed. An execution issued under an erroneous judgment is not void, and will protect the officer executing it as fully as if it was not erroneous. He is not required to determine whether there be error in the record, to be protected. If the court has jurisdiction of the subject matter and of the parties, and the writ is regular on its face, he will be protected, unless he exceeds the power conferred by the writ. This writ was

ample protection to the officer so long as he kept within the power it conferred, but if he exceeded that power he became liable as a trespasser. That, however, would not authorize the defendant to resort to personal violence against the officer, unless to protect his own person from violence and injury.

In this case plaintiff in error used no force or violence against the officer. He made no threats nor used menaces, but simply prevented the officer from breaking the fence to seize property which seems not to have been embraced in the writ, and which the officer had no lawful power to seize and deliver to plaintiffs in execution.

All of the evidence considered, we are of opinion that it fails to make a case of resisting an officer, within the meaning of the statute, and the judgment of the Appellate Court is reversed, and the cause remanded.

*Judgment reversed.*