CAMPBELL, APPELLANT, v. CLAY, APPELLEE.

1. CONTRACTS.

An agreement between a mortgagor and his grantee that the latter shall pay the incumbrance does not affect the mortgagee, unless he agrees to release the mortgagor and look solely to the purchaser for payment of the debt. Without such an agreement he may treat both as principal debtors.

2. PRACTICE.

A verdict should be directed for the plaintiff in an action on a promissory note when the only defenses are affirmative and are unsupported by evidence.

3. SAME.

Questions, concerning which there is no competent evidence, should not be submitted to the jury.

*Appeal from the District Court of Arapahoe County.*

Messrs. BARTELS & BLOOD, for appellant.

Messrs. TALBOT & DENISON and Mr. W. W. DALE, for appellee.

REED, J., delivered the opinion of the court.

This suit was brought to collect the amount due on a promissory note, made by the appellee, payable to appellant six months after date, for $500, with interest at 10 per cent until due and 12 per cent after maturity, dated Wichita, Kansas, February, 1887.

The complaint is in the ordinary form and contains the following statement: "That no part of the same has been paid except the sum of seventy-five dollars, being interest on said note from date to August 18, 1888."

In defense appellee alleged that, at the time of making the note, he bought from appellant real estate for which the note was given, and that it was secured by mortgage upon the property purchased; that on the 17th day of March following he sold and conveyed the property to F. H. Stiles, who by the terms of the deed assumed the indebtedness and agreed to pay it. These facts are conceded.

The answer also contains the following allegations: "That at the time of making said sale the plaintiff was fully informed thereof, and assented thereto, and it was the understanding and agreement between the plaintiff and this defendant and the said purchaser, that the said purchaser would pay the said mortgage debt, and the said plaintiff would exonerate this defendant and look to the said purchaser and his said security for the same.

" That on or about the 18th day of August, A. D. 1887, as this defendant is informed and believes, said plaintiff, who was then the holder of said note, for a valuable consideration, without the knowledge or consent of this defendant, agreed with the said purchaser, who was then the principal debtor, to extend the time of the payment of said note for, to wit, one year from that date, which extension of time of payment discharged this defendant from all liability on said note and mortgage. That thereafter, said plaintiff collected from the said Stiles the interest thereon to August 18, 1888, but whether no part of said note has been paid by the said Stiles, except said interest, this defendant has not and cannot obtain sufficient knowledge or information on which to base a belief, and therefore, denies the same."

A replication was filed traversing the special defenses. Trial was had to a jury, resulting in a verdict and judgment for the defendant (appellee).

By accepting a deed containing a recital that the land conveyed is subject to mortgage which the grantee " assumes and agrees to pay," and the grantee reserving and retaining the amount of such indebtedness from the purchase price, it is a payment of the debt by the grantor to the grantee. *Burbank v. Roots, ante,* 197 ; *Heid v. Vreeland,* 30 N. J. Eq. 591 ; 1 Jones on Mort. § 749 ; *Carley v. Fox,* 38 Mich. 387 ; *Locke v. Homer,* 131 Mass. 93.

But where, as in this case, the indebtedness is evidenced by a note of the mortgagor, the transaction between the mortgagor and his grantee in no way affects the mortgagee, unless he agrees to release the mortgagor and look solely to the purchaser for the payment of the debt. Without such an agreement he may treat both as principal debtors. 1 Jones on Mort. § 741; *Shepherd v. May,* 115 U. S. 505; *Waters v. Hubbard,* 44 Conn. 340 ; *James v. Day,* 37 Iowa, 164.

The testimony of the defendant in support of the allegation in the answer was as follows : " I informed the plaintiff that I had sold the property to Mr. Stiles, and that he had as-

sumed and agreed to pay the note when due, and the plaintiff offered no objection thereto."

" *Q.* State what the plaintiff said to you on that occasion? *A.* I don't know how I can put it more definitely than I have put it. He had no objection to make, and he bowed in acquiescence to what I had done. I don't remember any exact words, as there was no occasion to speak.

"*Q.* You claimed that you informed the plaintiff that you had sold the property to Mr. Stiles, and that Mr. Stiles had agreed to pay the note? *A.* Yes, sir.

"*Q.* The plaintiff said nothing, except that he was silent? *A.* I would have as soon said that the plaintiff said it was all right as to have given the testimony I did.

" *Q.* Then you would as soon say one thing as another? *A.* You wanted me to give the exact language and I could not do that.

" *Q.* You say he was silent and bowed his acquiescence? *A.* Yes, sir; or he might have said it was all right.

" *Q.* You are not certain of that? *A.* I am about as certain as that he bowed his assent; it is impossible for me to repeat the language he used.

" *Q.* You remember the language you used? *A.* I informed him of the transaction; there were only a few words necessary to do that.

" *Q.* You told him that you had sold the property to Mr. Stiles and that Mr. Stiles had assumed to pay the mortgage? *A.* Yes, sir."

This testimony was all, except that of the plaintiff, who gave a very different version of what occurred at the interview.

The language of books being, "A novation," "An agreement" and "A release," "And had agreed to look solely to the purchaser for payment of the mortgage debt," it will readily be seen, that admitting all the defendant said, there was no evidence to support the allegation.

The allegation of the defendant, on information and belief, that in August, 1887, plaintiff for a valuable consideration,

without his knowledge or consent, extended the time of the payment of the note to Stiles, the purchaser, for one year or any other time, was not supported by a word of evidence.

These affirmative allegations, to constitute defenses, must have been fully established by the defendant by competent proof. Failing to establish either, they being the only legal defenses interposed, a verdict should have been directed for the plaintiff, and the court erred in submitting to the jury, for its determination by its instructions, the unsupported allegations in the answer.

The court said: " The court instructs you, as a matter of law, that when the defendant in this case, who was the mortgagor of the property, sold the property to Mr. Stiles, whom he alleges assumed the payment of the note in question, that did not of itself release the defendant in this case from the payment of the note. But if the plaintiff in this case was informed of that fact by the defendant, and assented to it, and extended the time for the payment of it subsequently, then it would become necessary to the plaintiff's recovery in this case, that he should first exhaust his remedy against the principal before he should proceed against the defendant who became a surety.

" The court further instructs you that, in order to maintain this action against the defendant, it is not necessary that the plaintiff should have attempted to collect the note from Mr. Stiles nor to have resorted first to the property described in the mortgage, unless you further find that an extension of time, such as I have mentioned of the time of payment of the note, was granted by the plaintiff.

" The court instructs you that if you should find from the evidence by a preponderance of the testimony that the defendant sold the property in question subject to the incumbrance and that the purchaser, Stiles, assumed such incumbrance, and that the plaintiff had knowledge of such conveyance and assumption on the part of Stiles, and having such knowledge, for a valuable consideration, without the consent of the defendant, extended the time for the payment

of the note in question, then you must find a verdict for the defendant; and the payment of interest in advance, if you find from the evidence that such was the case by the indorsement on the back of the note of $50 was the payment of interest in advance, that would be sufficient consideration for such extension."

The court also erred in submitting to the jury the question whether the indorsement of $50 was advance interest. There was no competent evidence to establish the fact, and the plaintiff testified that it was not paid until some time after it was due.

There was no evidence upon which the jury could base its verdict. For this reason and the error of the court in its instructions, the judgment will be reversed and cause remanded.

*Reversed.*