[No. 1296.]

HILDENBRAND v. LILLIS.

1. PRINCIPAL AND AGENT—COMMISSIONS.

Where a real estate broker procured and introduced to his principal a
purchaser who agreed to buy the land at the agreed price, and paid
a part of the purchase money as a bonus, agreeing to pay the bal-
ance at a future day, and a deed was executed and placed in escrow
to be delivered upon payment of the balance of the purchase money,
but the purchaser refused to complete the purchase and left the
state leaving no property in the state, the agent was not entitled to
recover commission on the sale.

2. PRACTICE—DIRECTING VERDICT.

Where a plaintiff upon trial shows no cause of action, it is not only the
right, but it may be the duty of the court to direct a verdict for the
defendant.

Appeal from the County Court of Pueblo County.

Mr. WILLIAM P. BECK and Mr. JAMES W. COULTER, for
appellant.

Mr. M. J. GALLIGAN, for appellee.

WILSON, J., delivered the opinion of the court.

This was an action instituted by Hildenbrand to recover a
commission as a real estate broker for services in the nego-
tiation of a sale of realty. The suit was originally begun in
the justice's court, and hence there are no written pleadings.
On trial in the county court, on appeal, at the conclusion of
the introduction of testimony by plaintiff, defendant moved
the court to instruct the jury to return a verdict for defend-
ant. This motion was allowed, and verdict and judgment
rendered accordingly. From this plaintiff appealed.

The sole question presented is the right of the court to
direct a verdict for defendant on the case as made by plain-
tiff. The facts as shown by the evidence appear to be sub-

stantially these.   Plaintiff was a broker, and defendant listed
with him for sale a house and lot, the price being fixed at
$1,800.   Plaintiff found and introduced to defendant one
Goeppert as a purchaser.   After divers consultations in which
all three took part, Goeppert finally agreed that he would
take the property at the price demanded, paying. therefor
$1,100 in cash, and giving a note secured by deed of trust
for the deferred payment.   Goeppert stated that he did not
have the cash then on hand, but expected it within a few days
from Philadelphia.   He paid to defendant, however, about
$355 of the amount, and defendant prepared and executed a
deed ready for delivery when the balance of the cash payment
was made and the note and deed of trust executed for the
remainder.   It is not clear in whose hands the deed was de-
posited, but it appears to have been either with the cashier
of the bank, or the plaintiff.   This, however, is immaterial.
On a subsequent day, about the date fixed by Goeppert as
the time he expected his money from the east, the three par-
ties again met, and went together to an abstract office for the
purpose of finally consummating the deal.   Upon arrival
there, Goeppert stated that he would do nothing on that
day, but arranged with plaintiff and defendant to meet him
at the abstract office on the next afternoon, when he would
be ready to make the payment, and conclude the purchase.
Plaintiff and defendant were on hand at the appointed time,
but Goeppert did not appear, and upon investigation, they
found that he had left the state, and returned to Pennsyl-
vania.   He has never come back to Colorado.   He forfeited
the money which he had paid, and the sale fell through.   It
is conceded that Goeppert did not have any property in the
state, other than the money which he might have had in
the bank, and has never since had.   We do not think that
the court erred.   It is well settled in this state that where a
plaintiff upon trial shows no cause of action, or makes out
no case whatever, it is not only the right, but it may be the
duty of the court to direct a verdict for defendant, upon mo-
tion made for that purpose.   *Murphy v. Cobb*, 5 Colo. 281.

There was no conflict in the evidence as to the facts upon which plaintiff based his right to recover, and they were not sufficient to establish that right. It is true that a broker is not required to complete a valid contract of sale, binding upon both vendor and vendee, before he is entitled to a commission. *Buckingham v. Harris*, 10 Colo. 459; *Finnerty v. Fritz*, 5 Colo. 179. Ordinarily, his right to compensation attaches when he produces a customer who is ready, able and willing to buy upon the terms proposed. This right, however, might be defeated by the arbitrary refusal of the purchaser to comply with the terms, even though he might at one time have expressed himself as able, ready and willing. It would not be defeated, however, by an arbitrary refusal of the seller to comply with the agreement, or if the sale was prevented by his attempt to change the terms or impose additional ones. In this case it is conclusively shown by the evidence both of plaintiff and of Goeppert, who were the only witnesses testifying, the former in person and the latter by deposition, that the vendor was at all times ready and willing to complete the sale upon the terms originally agreed upon. That Goeppert was not ready and willing, and wholly failed and refused to complete the sale, was shown with equal positiveness. His failure to keep his appointment, and his sudden departure from the state without notice to either the plaintiff or the defendant, about which there is no dispute, was as positive and conclusive evidence of a refusal to complete the agreement as could well be offered. It is not shown, either, that he has at any time since manifested any desire or made any offer to consummate the sale. In such case the money which was paid to defendant could be treated only as earnest money, or as securing an option to purchase. In fact, the testimony of Geoppert himself shows that he treated it simply as the purchase of an option, and that afterwards, changing his mind, he concluded to throw up the deal. Under these circumstances, plaintiff was not entitled to his commission. *Dwyer v. Raborn*, 6 Wash. 213; *Yeager v. Kelsey*, 46 Minn. 402.

It appearing from the facts conclusively shown by the plaintiff himself that as a matter of law, he was not entitled to recover, the court did not err in directing a verdict for defendant. The judgment will be affirmed.

*Affirmed.*