Wilson, J.
This is an appeal from a judgment in favor of an intervenor in an attachment proceeding. The appellant commenced suit against James L. Karrick on four promissory notes aggregating in amount about $750. The attachment writ was levied upon an improved farm of one hundred and sixty acres, and certain cattle and horses situate upon the *390 farm. There is some dispute as to whether or not a proper-levy was made, but in the view which we take of the case, it will be seen that this is not material, nor necessary to be discussed. Soon after the levy or attempted levy, Mrs. Karrick, the appellee, and the wife of the defendant in the suit, filed her petition in intervention, claiming to be the owner of all of the property attached. The answer of plaintiff to this petition denied that the petitioner had any interest in the property, and alleged that her claim thereto was without consideration, and made for the purpose of defrauding the creditors of the defendant, and especially the plaintiff, and that she knew the defendant was attempting to transfer it to her for that purpose. It further alleged that with reference to the personal property, there had been no change of possession of the property from the defendant to the intervenor, and that hence the attempted transfer was void under the statute of frauds. Upon the trial, at the conclusion of the introduction of evidence by both parties, counsel for intervenor moved the court to take the case away from the jury, and for judgment in favor of the intervenor upon the pleadings and evidence introduced. The motion was sustained, and judgment rendered accordingly. The plaintiff claims that this was reversible error, because there Avere matters of fact in evidence which should have been submitted to the jury for its determination.
The proceeding in this respect was somewhat unusual, the ordinary mode of procedure being a motion that the court / instruct the jury to render a verdict in favor of the intervenor. / The effect of the motion, however, was the same. It accom-,' plished the same purpose, and we shall consider it on this basis. In Murphy v. Cobb, 5 Colo. 281, the rule was announced that where plaintiff shows upon trial no cause of action, or makes out no case whatever, and no motion for a nonsuit is interposed, it is not only the right, but it may be the duty of the court to direct a verdict for defendant. The doctrine there announced has been repeatedly affirmed in subsequent decisions, both of the supreme and of this court. *391 It is true that an intervention proceeding has been declared to be in the nature of an independent suit, in which the intervenor may be considered as the plaintiff, and the plaintiff in the attachment suit as the defendant. It has been determined, however, that where the defenses are affirmative, and upon trial are unsupported by evidence, a verdict should_be directed for the plaintiff. Campbell v. Clay, 4 Colo. App. 551. In this case the burden was upon the intervenor in the first instance to prove her title to and ownership of the property, and if there was evidence to this effect, the burden was then upon the defendant in the intervention proceeding to sustain by adequate proof the affirmative defenses which he had set up, namely, those tending to defeat the title of the intervenor by reason of the statute of frauds. After a careful examination of the evidence, we concur in the findings of the trial judge, and hence must hold that whether or not there was error in the manner in which the judgment was rendered, it being correct must be upheld.
The uncontradicted evidence offered by plaintiff himself disclosed that the defendant J. L. Karrick had been for a long time indebted to the intervenor, his wife, in the sum of about $9,000, moneys advanced and loaned by her to him at several times. It was further shown by undisputed evidence that a conveyance of the real estate and a transfer of the personal property by the husband to the wife, both made some time prior to the institution of this suit, were in consideration of this indebtedness. The transfers therefore were not voluntary, being made upon a valid consideration, and there was not the slightest evidence even tending to show that they were made with any intent to defraud. Besides there was no evidence to the effect even that Mrs. Karrick knew that her husband at the time of these transfers was indebted to another person than herself, in fact, her testimony is to the contrary.
It is insisted by the plaintiff, however, that the attempted transfer of the personal property was fraudulent and void as against the creditors of the vendor, because it had not been *392 accompanied, by an immediate delivery, and followed by an actual and continued change of possession. In this respect, also, we think that the plaintiff wholly failed to offer any evidence tending to support his position, which could have been or ought to have been submitted to the jury. The conveyance of the farm had been evidenced by a warranty deed, which had been duly recorded. The cattle were upon this farm, and there was no obligation upon the intervenor to have removed them. The public records gave notice that the farm was owned by the intervenor, and the cattle owned by her were upon it, where they properly belonged. In addition to this, there was testimony to the effect that soon after the transfer of the personal property, a sign was placed upon the side of the barn, exposed to view from the public highway, reading: “ The Deerfoot Farm. Jersey Cattle for Sale. H. B. Karrick, Proprietor.” The only admissible evidence offered tending to show a want of continued change of possession was the testimony of one witness, who stated that on the day succeeding the alleged transfer and sale of the personal property by the defendant in the suit to the intervenor, he purchased from the defendant, James L. Karrick, three calves. The witness did not state, however, and there was no evidence whatever to show that these calves were included with the personal property alleged to have been sold to the intervenor. There was some testimony as to statements of defendant subsequent to the alleged transfer, that he was the owner of Jersey cattle upon the farm, but it is well-settled that such independent statements of the vendor, unless knowledge of it be brought home to the vendee, cannot be received in evidence to impeach the title. There was no evidence whatever to sustain the allegations of fraud set up by the plaintiff’s affirmative defenses. If the matters had been submitted to the jury, and a verdict had been returned in favor of the plaintiff, it would clearly have been the duty of the court to have set it aside.
The judgment being correct, it should be affirmed, and it will be so ordered.

Affirmed.