## George W. Marshall v. Hiram Hunt, Jr.

1. TAXES—*Legality Can Not Be Tested in an Action of Trespass Against the Collector for Distraining Property.*—The legality of a tax can not be tested in an action of trespass against the collector for a distraint and sale of personal property to satisfy the tax.

Marshall v. Hunt.

2. SAME—*Collector's Warrant When Regular on Its Face Protects the Officer.*—A collector's warrant, when regular on its face, protects the collector to whom it is delivered, although issued upon an erroneous judgment; the collector is not required to look behind his warrant.

3. SAME—*Demand for Payment.*—The statute requiring a collector of taxes to call upon the person taxed and demand payment of the amount due from him contemplates a personal request only, so that such person may have ample time to pay before the enforcement of payment by the distraint of property.

**Trespass.**—Distraint of personal property for taxes. Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

M. P. RICE, attorney for appellant.

CHIPERFIELD, GRANT & CHIPERFIELD, attorneys for appellee.

A tax roll, when completed, partakes of the nature of a judgment, and the warrant delivered with it to the collector is in the nature of an execution. Moss v. Cummings, 44 Mich. 359; Bird v. Perkins, 33 Mich 28; Thibodaux v. Keller, 29 La. Ann. 508; Holden v. Eaton, 8 Pick. (Mass.) 436; Hubbard v. Garfield, 102 Mass. 72; Cunningham v. Mitchell, 67 Pa. St. 78; Savacool v. Boughton, 5 Wend. (N. Y.) 171, 21 Am. Dec. 181.

A writ regular on its face and issued by a court having jurisdiction of the subject-matter and the parties, protects an officer acting within the power conferred. Jackson v. Hobson, 4 Scam. 411; Tefft v. Ashbaugh, 13 Ill. 602; Martin v. Walker, 15 Ill. 377; Slomer v. People, 25 Ill. 70; Davis v. Wilson, 65 Ill. 525; Housh v. People, 75 Ill. 487; Sample v. Broadwell, 87 Ill. 617; Smith v. People, 99 Ill. 445; Krebs v. Thomas, 12 Ill. App. 266; McGillis v. Bishop, 27 Ill. App. 53.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee, as township tax collector in Fulton county, levied upon and sold a horse belonging to appellant to satisfy personal taxes, amounting to $98.86, extended upon

the collector's books against appellant as the agent for one Phoebe Knock.

Appellant brought suit in trespass against appellee before a justice of the peace and recovered, but failed in his suit when tried on appeal in the Circuit Court. He brings the case to this court for review and urges a reversal of the judgment for the following reasons:

1. The distraint and sale of his individual property to pay the taxes on Phoebe Knock's property was illegal even if he was her agent and listed the property.

2. There was no sufficient demand as required by law before the distraint was made.

3. Appellee did not advertise the property for sale according to law, and did not account for the proceeds in the required legal manner.

We are clearly of the opinion that the legality of the tax in question can not be tested in this kind of a case. Section 136 of the revenue act provides that "To such town or district collector's book, a warrant, under the hand of the county clerk and seal of his office, shall be annexed, commanding such town or district collector to collect from the several persons named in said town or district collector's book the several sums of taxes therein charged opposite their respective names."

Section 137 provides that "In all cases the warrant shall authorize the town or district collector, in case any person named in such collector's book shall neglect or refuse to pay his personal property tax, to levy the same by distress and sale of the goods and chattels of such person."

A collector's warrant, therefore, partakes of the nature of an execution. It has been repeatedly held in this State that an execution, regular upon its face, protects the officer to whom delivered, although issued upon an erroneous judgment. The officer is not compelled to look behind the writ. Jackson v. Hobson, 4 Scam. 411; Parker v. Smith et al., 1 Gilm. 411; Tefft v. Ashbaugh, 13 Ill. 602; Slomer v. People, etc., 25 Ill. 70; Davis v. Wilson, 65 Ill. 525; Smith v. The People, etc., 99 Ill. 445.

Marshall v. Hunt.

If the tax book and warrant were regular on their face when delivered to the appellee, he was justified in levying upon the horse and selling it to satisfy the delinquent tax.

We do not think the taking of the horse was tortuous upon the ground that no sufficient demand for the payment of the tax had been made prior thereto.   The statute requiring the collector to call upon the person taxed and demand payment of the taxes charged to him simply contemplates a personal request.   The evident purpose is that the person may have ample opportunity to pay before the enforcement of payment by the distraint of property.   In this case appellant was fully apprised of the tax long before any attempt to distrain was made, and in the office of the appellant where the matter was discussed between them, emphatically refused to pay, and declared that he never would pay until forced to do so at the end of the law.   In addition to that, one A. B. Pierce, acting for appellee, afterward called upon appellant with the tax book and a receipt and demanded payment, which was refused by appellant.   The purpose of the statute was fully performed before the taking of the property.

There was a slight inaccuracy in one of the notices of sale, but each one stated the time and place of sale, a description of the property and the reason for which it was to be sold.   There was a substantial compliance with the law.

With the views expressed by us on the main points of contention, it is unnecessary to discuss in this opinion the instructions.

The law of the case was fairly presented and the judgment does substantial justice between the parties.   Judgment affirmed.